UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JASON BERRY AND OTHERS SIMILARLY SITUATED | * * * | DOCKET |
| VERSUS | * * | |
| PROGRESS SOFTWARE CORPORATION | * * * | SECTION: <br><br> MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT FOR CLASS CERTIFICATION AND DAMAGES**

The complaint of Jason Berry, a person of the full age of majority and a resident of Orleans Parish, State of Louisiana, individually and on behalf of all other similarly situated members of the class (hereinafter jointly referred to as "plaintiff") with respect represents:

1.

Made defendant herein is Progress Software Corporation (hereinafter referred to as "Progress"), a foreign corporation, authorized to do, and doing, business in the State of Louisiana, with its principal place of business in Burlington, Maine.

2.

The defendant is indebted unto the class of plaintiffs herein for such damages as may reasonably compensate each and every class member for his/her economic loss, together with reasonable attorney's fees, legal interest from the date of judicial demand until paid and for costs of this litigation, for the following, reasons.

3.

This is a class action on behalf of Jason Berry and all other citizens of the State of Louisiana who were or have been issued a Louisiana Driver's License and/or Identification Card though the Louisiana Department of Motor Vehicles.

4.

Plaintiff appears herein individually, on behalf of, and as a member of the proposed class, representing those persons similarly situated who have experienced the same, or similar damages, resulting from the data breach of the computers and servers of the State of Louisiana as a result of the flaws in the defendant's software utilized by the State.

5.

The plaintiff possesses a validly issued Louisiana Driver's License issued by the State of Louisiana Department of Motor Vehicles. The plaintiff has learned that a data breach has occurred in the data maintained by the State and/or Department of Motor Vehicles as a result of a flaw in the defendant's software, which breach has exposed the plaintiff and all others similarly situated to the improper disclosure of their Social Security numbers and other private and sensitive data.

6.

Plaintiff represents that he and others like him, who possess a Louisiana Driver's License or Identification Card have had their personal and private data exposed as a result of the defendant's negligent conduct in creating a software which has flaws in it which allow for data breaches by hackers and others who seek to use this personal and private data for malicious purposes.

7.

On or about June 9, 2023, Progress Software Corporation reported a data breach after it was targeted in a recent cyber security attack where they discovered a SQL injection vulnerability related to the company's MOVEit Transfer and MOVEit Cloud. The company's investigation is ongoing so it acknowledges that it is not yet even aware of affected data types or number of individuals affected. The flaw in the defendant's software has impacted Federal and State governments around the country, and the defendant has admitted in its own press releases that said Federal and State governments must implement security measures to stop ongoing data breached. One said agency impacted by the breach

is the Department of Motor Vehicles for the State of Louisiana.

8.

The plaintiffs and others like him will be significantly adversely impacted by this data breach with the plaintiff not knowing what credit fraud may befall them as a result of hackers using their Social Security numbers improperly. This will require the class plaintiffs to vigilantly monitor their credit at great costs to each plaintiff, and resulting in mental anguish due to the concern of identity theft due to the negligence of the defendant.

9.

The defendant was aware of the flaw in its software, but failed to notify all potential victims and to take affirmative action to notify its customers so that they could inform impacted individuals. Moreover, the defendant negligently designed and/or maintained the MOVEIt software that was used by Federal and State governments.

10.

The defendant has violated the Gramm-Leach-Bliley Act (GLBA) of 1999, which governs organizations that deal with personal and private financial information and the Homeland Security Act, which includes the Federal Information Security Management Act (FISMA) of 2002. The defendant is liable unto all plaintiffs for any and all damages due under the aforementioned laws, the United States Code and the laws of the State of Louisiana.

11.

Plaintiffs are entitled to all damages they may suffer, which are common to all plaintiffs and include credit monitoring fees, fees to repair damaged credit, costs associated with remedying identity fraud, other associated costs, and mental anguish. In light of these acts of the defendant, this plaintiff, and others similarly situated in the class have suffered economic loss, damaged credit, aggravation,

and other pecuniary and non-pecuniary damages. Moreover, the plaintiff contends that the conduct of the defendant entitles the plaintiff, and all others similarly situated, to general damages for mental anguish.

12.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has jurisdiction over this matter.

13.

Issues of fact and questions of law, presented by this litigation, are common to all members of the class described herein. These common legal and factual questions predominate over questions affecting only individual members of each class, and include, but are not limited to, the following:

- A. Whether the defendant's conduct in designing and maintaining a software which had obvious flaws of which the defendant was aware;
- B. Whether the defendant failed to timely notify its customers of a data breach which would permit affected plaintiffs to tale affirmative steps to mitigate the effects of a data breach that allowed for the improper disclosure of the plaintiffs Social Security numbers and other private and personal data;
- C. Whether defendant breached its duty to its customers which allowed for the disclosure of personal and private data;
- D. Whether defendant acted in bad faith in failing to inform those impacted by the defendant's negligent conduct;
- E. Whether defendant is liable to the plaintiff and class members for damages sustained by each individual;
- F. Whether the plaintiff and members of the class are entitled to receive remuneration for the economic loss, aggravation, pecuniary and non-pecuniary damages.

G.    Whether the plaintiff and members of the class are entitled to attorney's fees, punitive or treble damages for the bad faith and fraudulent conduct of the defendant.

14.

This Court has jurisdiction to decide the claims of all class members pursuant to the Federal Class Action Fairness Act.

15.

The named representative plaintiff is typical of the members of the class he represents, in that he possesses a Louisiana Driver's License and will suffer damages due to the breach of data which he expected would be maintained in strict confidence.

16.

The named representative will fairly and adequately represent and protect the interests of all members of the described class.

17.

A class action is superior to all other available methods for fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable.  Even if any class members could afford individual litigation, it would be unduly burdensome upon the Courts in which the individual litigation would proceed.

18.

As set forth in detail above, by illustration, but not exclusion, there are questions of law and fact, to each member of the class.

19.

The class as set forth herein, is easily defined and objectively ascertainable such that the Court may easily determine the constituency of the class for the purpose of the conclusiveness of any judgment that may be rendered herein.

20.

Individual litigation would increase the delays and expense to all parties and the court system for resolving the controversies and issues presented herein.  By contrast, the class action device presents far and fewer management difficulties, provides the benefit of uniform and unitary adjudication, is the most economic method of adjudication of these controversies and issues, and would provide for comprehensive supervision and management by a single court.

21.

Individual litigation could result in inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the defendant.

22.

Alternatively, individual litigation would create the risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair their ability to protect their interest.

23.

Alternatively, the questions of fact and law common to all members of the class predominate over any questions affecting only individual members making the class action superior to other available methods for the fair and efficient adjudication of the controversy by:

- A. Protecting against the interest of the individual members of the class in controlling the prosecution or defense of separate actions to the prejudice of the other members of the class;
- B. Permitting the Court to evaluate the extent and nature of all other litigation concerning the controversy which may have been commenced by other members of the class;

C. Availing the Court, and the litigants, of the benefits and desirability of concentrating this litigation in this single forum;

D. Preventing the obvious difficulties and management of piecemeal litigation and availing the Court, and the litigants, of central management of a single class action;

E. Protecting those members of the class who are without financial resources, or economic means or abilities to pursue their claims without class certification;

G. Minimizing the cost and burden of individual litigation to grant the relief demanded by the class to protect the legal and contractual rights of the plaintiffs.

24.

Plaintiff demands and is entitled to a trial by jury of this class action.

WHEREFORE, plaintiff Jason Berry, individually, and on behalf of all other members of the representative class, prays that:

A. The Court certify the class herein in appointing him as class representative;

B. The defendant, Progress, be duly cited and served with a copy of this Complaint and be required to answer same in accordance with law;

C. After due delays and proceedings had, there be judgment herein in favor of representative individually and all other members of his representative class for all necessary and appropriate damages in the premises, as well as attorney's fees and penalties, along with legal interest from date of judicial demand, and all costs of these proceedings, but less than $75,000.00 to each member of the plaintiff class exclusive of interest, cost and penalties, against the defendant;

D. For all general and equitable relief;

E. For a trial by jury as to the claims asserted in this class action.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

_____
JACK E. TRUITT, BAR NO. 18476, T.A.
MICHELLE MAYNE DAVIS, BAR NO. 23027
KAYLIN K. STOREY, BAR NO. 39721
LOU ANNE MILLIMAN, BAR NO. 23869
1321 Ochsner Boulevard, Suite 200
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Jason Berry